IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JANE DOE I, as Legal Guardian of the Person and Estate of JANE DOE II, an Incapacitated Adult,**<br><br>Plaintiff,<br><br>v.<br><br>**CERTIPHI SCREENING, INC.,**<br><br>Defendant. | Case No. 1:21-cv-2620 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Certiphi Screening, Inc. ("Certiphi" or "Defendant") files this Notice of Removal of the civil action filed against it by Jane Doe I ("Plaintiff") and states as follows:

## FACTUAL BACKGROUND

1.  On November 30, 2018, Plaintiff Jane Doe I, as Legal Guardian of Jane Doe II, filed a civil action in Hamilton County Superior Court captioned *Jane Doe I, as Legal Guardian of the Person and Estate of Jane Doe II, an Incapacitated Adult v. Carmel Operator, LLC, Spectrum Retirement Communities, LLC, and Michael Damon Sullivan*, Cause No. 29D01-1811-CT-011534.

2.  On February 11, 2019, Carmel Operator, LLC and Spectrum Retirement Communities, LLC ("CSL Defendants") filed a Motion to Stay Proceedings, or, Alternatively, to Dismiss Plaintiff's Complaint and Compel Arbitration. Michael Sullivan ("Sullivan") joined the CSL Defendants' Motion to Compel on February 28, 2019. Plaintiff opposed the Motion to Compel and refused to arbitrate or dismiss her claims against the CSL Defendants and Sullivan.

3. On March 19, 2019, Plaintiff filed a First Amended Complaint ("FAC") and added Certiphi as a defendant. Plaintiff's FAC asserted a breach of contract claim against the CSL Defendants and negligence claims against the CSL Defendants, Sullivan, and Certiphi. Plaintiff served Certiphi with a copy of the FAC and a Summons on March 26, 2019, and Certiphi filed its Answer to the FAC on May 10, 2019.

4. On May 28, 2019, Certiphi filed a Motion to Compel Arbitration and Dismiss or Stay Proceedings. Plaintiff opposed Certiphi's Motion to Compel Arbitration.

5. On August 20, 2019, the state trial court (Hamilton Superior Court) granted Defendants' Motions to Compel Arbitration and stayed the proceedings.

6. Plaintiff appealed, and the Indiana Court of Appeals affirmed the state trial court's decision on March 17, 2020. (Court of Appeals Case No. 19A-CT-2191). In its opinion, the appellate court found Plaintiff's arguments lacked merit, and noted, at least three times, that Plaintiff had no evidence to support her arguments on appeal opposing arbitration with the CSL Defendants and Sullivan. *See Doe v. Carmel Operator, LLC,* 144 N.E.3d 743, 754–55 (Ind. Ct. App. 2020). Despite the appellate court's findings, Plaintiff filed a Petition to Transfer the case to the Indiana Supreme Court, again challenging the decision to compel arbitration on the claims against all Defendants.

7. On January 15, 2021, the Supreme Court of Indiana granted Plaintiff's Petition to Transfer in part and reversed the order compelling Plaintiff to arbitrate her claims against Certiphi. (Supreme Court Case No. 21S-CT-l5). The Indiana Supreme Court, however, did not grant Plaintiff's Motion to Transfer with respect to the order compelling arbitration of the claims against the CSL Defendants and Sullivan. *See Doe v. Carmel Operator, LLC*, 160 N.E.3d 518, 521 (Ind. 2021).

8. On February 19, 2021, Plaintiff filed a Motion to Lift the Stay of the trial court proceedings as to Certiphi only. On June 7, 2021, the Hamilton Superior Court granted Plaintiff's motion.

9. On September 16, 2021, after repeatedly opposing the CSL Defendants' and Sullivan's efforts to arbitrate and have the claims against them dismissed, Plaintiff moved to voluntarily dismiss her claims against all defendants except Certiphi. The Court granted Plaintiff's motion on September 17, 2021 and dismissed the CSL Defendants and Sullivan from the case.

10. On October 4, 2021, Plaintiff filed a Motion for Leave to File a Second Amended Complaint ("SAC"), which changed the caption and the substance of her claims to remove any references by name to the CSL Defendants or Sullivan. Plaintiff's Motion for Leave was pending at the time of removal. At no point during the state trial court proceedings did Plaintiff serve any written discovery on the CSL Defendants or Sullivan or schedule their depositions.

11. Pursuant to Local Rule 81-2(b), a true and correct copy of the complete State Court Record from the trial court, and docket sheet is attached as **Exhibit A**. Pursuant to Local Rule 81-2(c), a true and accurate copy of the FAC is attached as **Exhibit B**.

## DIVERSITY OF CITIZENSHIP

12. Plaintiff Jane Doe I is the Legal Guardian of the Person and Estate of Jane Doe II, a resident of Indiana. (*See* FAC at ¶¶ 1-3). Plaintiff is therefore a citizen of Indiana. 28 U.S.C. § 1332(c)(2).

13. Certiphi is a Delaware corporation that has its headquarters and principal place of business at 251 Veterans Way, Warminster, Pennsylvania 18974. Certiphi is therefore a citizen of Delaware and Pennsylvania. 28 U.S.C. § 1332(c)(1).

14. Accordingly, there is complete diversity between Plaintiff and Defendant, vesting removal jurisdiction in this Court.

## AMOUNT IN CONTROVERSY

15. In the FAC, Plaintiff does not pray for specific monetary relief. Certiphi therefore must only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens*, 135 S. Ct. 547, 553 (2014); *Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017); *see also* 28 U.S.C. § 1446(c)(2)(A) (stating that "the notice of removal may assert the amount in controversy if the initial pleading seeks (i) nonmonetary relief; or (ii) [an unspecified] money judgment").

16. Here, the amount in controversy exceeds $75,000, and Plaintiff has never indicated she is seeking less than $75,000. Plaintiff generally prays for "compensatory damages, general and special damages, punitive damages, for the costs of this action and for all other relief just and proper in the premises." (FAC at pp. 10, 12). Plaintiff seeks damages based on the alleged sexual assault of Jane Doe II, an elderly, incapacitated adult. (*Id*. at ¶¶ 2, 25). Plaintiff claims that the alleged sexual assault resulted in "severe physical, emotional, and psychological trauma" to Jane Doe II. (*Id*. at ¶ 25). Plaintiff further alleges that Jane Doe II "has suffered, and will in the future continue to suffer, physical, emotional, and psychological trauma, mental anguish, loss of enjoyment of life, medical expenses, counseling expenses, and other past, present and future damages." (*Id*. at ¶ 44). Based on these allegations alone, the amount in controversy exceeds $75,000.

## TIMING OF REMOVAL

17. Generally, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

18. Here, Plaintiff moved to dismiss all defendants except Certiphi on September 16, 2021 and the state court granted Plaintiff's motion on September 17, 2021. The case therefore first became removable on September 17, 2021, when all non-diverse defendants were dismissed, and this notice of removal has been timely filed within 30 days pursuant to 28 U.S.C. § 1446(b)(3).

19. Although the removal has been filed more than one year after the commencement of the action against Certiphi, it is still timely because Plaintiff acted in bad faith to prevent Certiphi from removing this case until now. 28 U.S.C. § 1446(c)(1).

20. Here, Plaintiff asserted claims in the trial court against the CSL Defendants and Sullivan (a non-diverse defendant), despite the existence of an express agreement to arbitrate her claims against them. Indeed, the Residency Agreement Plaintiff entered with the CSL Defendants included a provision requiring Plaintiff to arbitrate all claims she had against the CSL Defendants and their employees, like Sullivan. Despite basing her breach of contract claims on that very agreement and attaching it to her Complaint, Plaintiff failed to abide by her promise to arbitrate and filed her claims against the CSL Defendants and Sullivan in court.

21. After the CSL Defendants and Sullivan moved to dismiss Plaintiff's claims and compel arbitration, Plaintiff still refused to arbitrate her claims and opposed their requests for dismissal. The state trial court granted the motions to compel arbitration on August 20, 2019, within five months of the commencement of the action against Certiphi. Plaintiff, however,

continued to refuse to arbitrate her claims or dismiss the CSL Defendants or Sullivan in the face of the trial court's ruling.

23. Plaintiff appealed, arguing that the CSL Defendants and Sullivan could not enforce the arbitration agreement because it was unconscionable. *See Doe v. Carmel Operator, LLC,* 144 N.E.3d 743, 753 (Ind. Ct. App. 2020). The appellate court outright rejected Plaintiff's argument, finding at least three times there was "no evidence" that the agreement was either substantively or procedurally unconscionable. *Id*. at 754–55. The appellate court issued its opinion on March 17, 2020, before the commencement of the action against Certiphi.

23. Despite the appellate court's finding that Plaintiff had no evidence to support her arguments, Plaintiff still did not dismiss her claims against the CSL Defendants and Sullivan. Instead, she petitioned for a transfer to the Indiana Supreme Court. The Supreme Court did not accept her transfer petition as to the order compelling arbitration with the CSL Defendants and Sullivan. Rather, it only accepted transfer on the limited issue of whether Certiphi could compel arbitration of the claims against it. *See Doe v. Carmel Operator, LLC*, 160 N.E.3d 518, 521 (Ind. 2021).

24. After repeatedly refusing to dismiss her claims against the non-diverse defendants during the year after this action was commenced against Certiphi, Plaintiff voluntarily and unilaterally moved to dismiss such defendants on September 16, 2021. Plaintiff has now gone a step further and seeks to completely erase the non-diverse defendants from this case. On October 4, 2021, Plaintiff filed the Motion for Leave to file the SAC that seeks to change the caption of this action and remove every reference to the CSL Defendants and Sullivan. *See generally* Plaintiff's proposed SAC, attached as Exhibit C to her October 4, 2021 Motion for Leave.

25. The timing of Plaintiff's request to dismiss all defendants except Certiphi, and her pending request to replace the operative FAC with one that erases all references to the other defendants, is indicative of bad faith. This is particularly true when considering her repeated and litigious refusal to dismiss the other defendants before the one-year period had expired. Because Plaintiff has acted in bad faith to prevent Certiphi from removing this case, Defendant's removal is timely.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

26. Venue is proper under 28 U.S.C. § 1441(a) because the state court in which this action is pending is located in this District, and the Indianapolis Division is the proper Division as this action originally was filed in Hamilton County, Indiana. 28 U.S.C. § 94(b)(1).

27. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2(a), this Notice of Removal is accompanied by copies of all process, pleadings, and orders filed in the state court action to date. *See* **Exhibit A**. No other items have been filed in the state court action or served upon Defendant.

28. Defendant files this Notice without waiving any defenses to Plaintiff's claims or conceding that Plaintiff has stated claims upon which relief can be granted.

29. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal promptly shall be filed with the Clerk of the Hamilton County Superior Court and served upon all parties.

WHEREFORE, Defendant notifies this Court of the removal of this action from the Hamilton County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division.

Respectfully submitted,

*/ s / Peter T. Tschanz*
Peter T. Tschanz, Bar No. 29520-49
*Attorneys for Defendant Certiphi Screening, Inc.*

LITTLER MENDELSON, P.C.
111 Monument Circle
Suite 702
Indianapolis, IN  46204
Telephone:	317.287.3600
Facsimile:	317.636.0712
Email:	ptschanz@littler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2021, I filed a copy of the foregoing *Defendant's Notice of Removal* electronically. Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system and via separate email to the attorney of record listed below. Counsel for Plaintiff has agreed to accept service of these filings via email.

Jerry A. Garau, Esq.
Ashley Halder Winningham, Esq.
GARAU GERMANO, P.C.
3710 North Washington Boulevard
Indianapolis, IN  46205
jgarau@g-glawfirm.com
ahadler@g-glawfirm.com

/ s / *Peter T. Tschanz*
Attorney for Defendant

4814-1808-2813.2 / 062957-1018