UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE I, as Legal Guardian of the Person and Estate of Jane Doe II, an Incapacitated Adult,<br><br>　　　　　　*Plaintiff*<br><br>v.<br><br>CERTIPHI SCREENING, INC.,<br><br>　　　　　　*Defendant* | Cause No. 1:21-cv-2620-RLM-DLP |

OPINION AND ORDER

Jane Doe I sued Carmel Operator, LLC, Spectrum Retirement Communities, LLC, Michael Damon Sullivan, and Certiphi Screening, Inc. in Hamilton County Superior Court for breach of contract and negligence. After extensive litigation about whether Ms. Doe I had to pursue her claims through arbitration, Ms. Doe I dismissed the claims against all defendants except Certiphi. Certiphi then removed the case to this court based on diversity of citizenship. Ms. Doe I filed a motion to remand and for attorney's fees. Briefing is complete, and for the following reasons, the court GRANTS Ms. Doe I's motion to remand and DENIES her motion for fees.

I.　　BACKGROUND

Jane Doe I, as legal guardian of Jane Doe II, filed a complaint in the Hamilton County Superior Court on November 30, 2018, naming Carmel Operator, LLC, Spectrum Retirement Communities, LLC, and Michael Damon

1

Sullivan as defendants. [Doc. No. 1]. The complaint asserted state law claims relating to Ms. Doe II's alleged sexual assault by an employee at her senior care facility. Ms. Doe I amended her complaint on May 19, 2019, to join Certiphi Screening, Inc. as a defendant. Certiphi conducts pre-employment criminal background screenings for the senior living facility, and the amended complaint asserted that Certiphi negligently screened the employee involved in Ms. Doe II's assault.

Ms. Doe II's residency agreement included an arbitration agreement, and in August 2019, the Indiana trial court stayed proceedings so the parties could arbitrate. The order included Certiphi, who wasn't a signatory to the agreement. Ms. Doe I appealed that order, arguing that the arbitration agreement was unconscionable and that its provisions shouldn't apply to Certiphi. The court of appeals upheld the trial court's order, but the Indiana Supreme Court reversed with respect to Certiphi on January 15, 2021. Doe v. Carmel Operator, LLC, 160 N.E.3d 518 (Ind. 2021). The trial court lifted the stay on litigation on June 7, 2021, and on September 17, 2021, the court granted Ms. Doe I's motion to dismiss her claims against all defendants other than Certiphi. On October 4, 2021, the court granted Ms. Doe I's motion for leave to file a second amended complaint to remove all references in the complaint to the non-Certiphi defendants.

On October 12, 2021, Certiphi filed its notice of removal in this court based on diversity jurisdiction. [Doc. No. 1]. Three weeks later, Ms. Doe I filed a motion to remand and for attorney's fees under 28 U.S.C. § 1447. [Doc. No. 13].

## II.   DISCUSSION

"Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." Evers v. Astrue, 536 F.3d 651, 657 (7th Cir. 2008). Defendants in a state court case can remove the case to federal court if the federal court would have original jurisdiction over it. 28 U.S.C. § 1441(a). A federal court has jurisdiction based on diversity of citizenship if the parties are citizens of different states and the amount in controversy is more than $75,000. *Id.* § 1332(a).

The parties don't dispute that Ms. Doe I created complete diversity in the case when she dismissed her claims against the non-Certiphi defendants. The removal notice alleges that Ms. Doe II was a citizen of Indiana and Certiphi is a Delaware corporation with its principal place of business in Pennsylvania, so it is a citizen of both Delaware and Pennsylvania. [Doc. No. 1]. Nor do the parties dispute that the amount in controversy is greater than $75,000. [Doc. No. 23 at 8]. Instead, they dispute whether Certiphi's removal was timely.

If a state court case isn't removeable at the outset but later becomes removable, the defendant may remove within 30 days of receiving the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendants may only remove based on diversity "more than 1 year after commencement of the action" if "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The

3

removal statute must be strictly construed. Stigleman v. Wal-Mart Stores, Inc., No. 16-1060, 2016 WL 1611577, at *2 (C.D. Ill. Apr. 22, 2016) (citing Morris v. Nuzzo, 718 F.3d 660, 668 (7th Cir. 2013)).

Section 1446(c)(1) "requires a causal link showing that '[p]laintiff has acted in bad faith *in order to prevent* a defendant from removing an action.'" Fiala v. RMLS Hop Ill., LLC, No. 21 C 4095, 2022 WL 159560, at *2 (N.D. Ill. Jan. 18, 2022) (emphasis in original) (quoting Henning v. Barranco, No. 21-cv-1657, 2021 WL 5578767, at *3 (N.D. Ill. Nov. 30, 2021)). "The bad faith exception does not apply when other factors could have motivated the plaintiff's actions." Herron v. Graco, Inc., No. 3:16-CV-00653, 2016 WL 7239915, at *4 (S.D. Ill. Dec. 15, 2016) (citing Mansilla-Gomez v. Mid-S. Erectors, Inc., No. 0:14-cv-0308, 2014 WL 1347485, at *2 (D.S.C. Apr. 3, 2014)).

When an action is commenced depends on the state law where the action was originally filed. Pruitt v. Kelly Moore Paint Co., No. 07-768, 2007 WL 4225654, at *2 (S.D. Ill. Nov. 13, 2007) (citing Schorsch v. Hewlett-Packard Co., 417 F.3d 748, 750-751 (7th Cir. 2005)). Indiana law provides that an action commences when the plaintiff files the complaint, pays the fees, and provides copies of the complaint and summons to the court for service of process. Ind. R. Trial P. 3. In this case, that date is November 30, 2018. Certiphi filed its notice of removal on October 12, 2021—well beyond the one-year deadline.

Certiphi argues that its removal was proper because the one-year deadline should be extended to account for its later addition to the case and for the time

spent appealing the arbitration issue, and because Ms. Doe I acted in bad faith to prevent removal.

First, Certiphi says that removal was still proper because the case against it commenced when Ms. Doe I filed the First Amended Complaint on March 19, 2019. Even if that were true, § 1446(b)(3) would have required Certiphi to remove within 30 days, and at that point the parties were still non-diverse so removal wasn't possible.

Certiphi also argues that the one-year deadline should have tolled while the arbitration issue made its way through the Indiana appellate courts. Certiphi thinks that permitting removal while appellate proceedings are ongoing in state court would cause absurd results; it argues that if the one-year period were able to run during state court appeals, cases would sit "in limbo with neither a state nor federal court with the power to progress them." [Doc. No. 23 at 12]. Ms. Doe I responds that the purpose of the deadline is to avoid substantial delay and disruption and to prevent removal where substantial progress has already been made in a case. Ms. Doe I's viewpoint comports with congressional intent and existing judicial interpretation, and it would be contrary to that guidance to permit Certiphi to remove after extensively litigating one of the issues in this case. *See* H.R. Rep. 100-889, at 72 (1989); H.R. Rep. 112-10, at 15 (2011); PNC Bank, Nat. Ass'n v. Seliga, No. 12-cv-9205, 2013 WL 5336236, at *2 (N.D. Ill. Sept. 24, 2013).

Because Certiphi removed more than one year after the removal deadline, the only way it can avoid remand is if it shows that Ms. Doe I acted in bad faith

5

to prevent removal. Certiphi alleges that Ms. Doe I acted in bad faith by waiting to dismiss the non-diverse defendants until after Certiphi's proposed deadline (which accounts for both a later commencement date and the time spent on appeal). Ms. Doe I responds that she believed the removal deadline passed one year after she filed her first complaint and that if preventing removal was her only goal, she would have dismissed the non-diverse defendants shortly after that deadline rather than pursuing her appeals. [Doc. No. 28 at 11]. Ms. Doe I dismissed the other defendants after the Indiana Supreme Court issued its decision and the trial court lifted its stay on litigation—almost three years after the case was first filed. Certiphi hasn't cited any compelling authority to support its modified date, nor has it made any convincing accusation that Ms. Doe I was operating with a modified removal deadline in mind when she chose to dismiss the other defendants. It's improbable that Ms. Doe I did the same mental gymnastics as Certiphi to calculate the delayed removal date and that she waited to dismiss the non-diverse defendants until after that point. There's no basis for concluding that Ms. Doe I acted in bad faith by waiting to dismiss the non-diverse defendants.

Certiphi also says that Ms. Doe I's decision to appeal the Indiana trial court's order requiring arbitration is evidence of bad faith, and she should have dismissed the non-diverse defendants without appealing. Ms. Doe I responds that she took her appeals in good faith because the Indiana Supreme Court hadn't ruled on whether healthcare facility arbitration agreements could be prima facia unconscionable, she wanted to avoid compelled arbitration against

a non-signatory to the arbitration agreement, and the Indiana Trial Lawyers Association submitted an *amicus curiae* brief in support of her position. [Doc. No. 14]. Certiphi hasn't cited to any authority to suggest that orders compelling arbitration aren't appealable, and its only evidence that Ms. Doe I's appeals were in bad faith is that she lost against the non-diverse defendants. Every case will have positions that prevail and ones that don't—without more, being defeated in court is not evidence of bad faith. Moreover, all of the parties would have gone to arbitration if Ms. Doe I hadn't challenged the trial court's order; it wouldn't have opened the door for Certiphi to remove the case. It doesn't follow that Ms. Doe I appealed the arbitration order to prevent removal, nor has Certiphi shown that preventing removal was her motivation for appealing.

Certiphi filed its notice of removal after the one-year limit and hasn't shown that Ms. Doe I acted in bad faith to prevent removal, so the court GRANTS Ms. Doe I's motion to remand.

Ms. Doe I also moves for attorney's fees and costs incurred from her motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorney's fees should only be granted when "the removing party lacked an objectively reasonable basis for seeking removal." Jackson Cnty. Bank v. DuSablon, 915 F.3d 422, 424 (7th Cir. 2019). This depends on whether "clearly established law demonstrated that [the defendant] had no basis for removal;" but if "clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorney's

7

fees." Raynor v. Law Office of Keith S. Shindler, Ltd., No. 1:21-cv-01471, 2021 WL 8269521, at *4 (S.D. Ind. Oct. 1, 2021) (quoting Wolf v. Kennelly, 574 F.3d 406, 411 (7th Cir. 2009)). "District court decisions . . . do not render the law clearly established." Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007).

Certiphi's arguments against remand didn't carry the day in this court, but our court of appeals hasn't clearly foreclosed Certiphi's position. Certiphi's attempt to remove this action by stretching the one-year removal deadline and by raising the § 1446 bad faith exception wasn't objectively unreasonable. Accordingly, Ms. Doe I's request for attorney's fees is DENIED.

### III.   CONCLUSION

The court GRANTS Ms. Doe I's motion to remand, DENIES Ms. Doe I's motion for attorney's fees, DENIES as moot any pending motions in this case, VACATES any scheduled hearings or conferences, and DIRECTS the Clerk to remand this case to the Hamilton County Superior Court.

SO ORDERED.

ENTERED: September 14, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution to all counsel of record via CM/ECF.